UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT EUBANKS,

          Plaintiff,

v.

CITY OF GRAND RAPIDS
and ADAM BAYLIS,

          Defendants.

_____/

Case No. 1:05-CV-620

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Defendants City of Grand Rapids and Adam Baylis'

Motion for Summary Judgment.  Oral argument is unnecessary in light of the briefing.

**FACTUAL BACKGROUND**

Plaintiff Robert Eubanks' Complaint was filed with the Court on September 13, 2005.  It

alleges that on September 16, 2002 at 9:30 p.m. Adam Baylis, a City of Grand Rapids police officer,

drew his service revolver and pointed it toward Plaintiff's head.  (Compl. ¶ 2.)  This was allegedly

done because Plaintiff's car was blocking a driveway on Union Street in Grand Rapids.  (*Id.* at ¶¶

12-14.)  Plaintiff alleges excessive force claims under 42 U.S.C. § 1983 against both Defendants and

conspiracy to deprive Plaintiff of his constitutional rights.  (*Id.* at counts I-III.)  He also alleges gross

negligence and intentional infliction of emotional distress.  (*Id.* at counts IV-V.)

Plaintiff, who is a correctional officer employed as a Deputy for the Kent County Sheriff's

Department, did not file any incident report with the Grand Rapids Police Department until January

17, 2003.  His one-page incident report described the incident consistent with the allegations of the

Complaint.  (Defs.' Ex. A.)  The report suggests that Baylis was driving his police vehicle while on a routine patrol prior to the confrontation.  (*Id.*)

Subsequent to Plaintiff's filing of the incident report, Sergeant Charlotte Mason conducted an investigation which looked at all incidents for the evening of September 16, 2002.  (Mason Aff. ¶ 9.)  Her investigation determined that pay records for the Department showed that Baylis was not on duty (and not paid for work) on the evening of September 16, 2002.  (*Id.* at ¶ 22 & Defs.' Exs. E-G.)  The record of radio traffic also did not show any parking calls for the places and time periods referenced.  (*Id.*)  Baylis' Affidavit further states that he did not work on that day and had no contact with Plaintiff that day.  (Baylis Aff. ¶¶ 9-10.)  Mason closed her investigation when Plaintiff failed to keep an appointment with the police chief to discuss the incident report.  (Mason Aff. ¶¶ 23-24.)

Plaintiff's opposition brief fails to attach any affidavit, deposition transcripts or supporting evidence.  The opposition brief does cite transcripts and exhibits, but it is impossible to tell from the citations whether they are accurate references.  Assuming that they are, the brief establishes at most that Plaintiff was familiar with Baylis from his work as a correctional officer and Plaintiff thought that he recognized Baylis as the officer who committed the misconduct on the night in question.

## LEGAL STANDARDS

Defendants' Motion is brought pursuant to Federal Rule of Civil Procedure 56.  Under the language of Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material

fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

In assessing evidence, credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255). The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Rule 56 limits the materials the Court may consider in deciding a motion under the rule: "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (quoting Federal Rule of Civil Procedure 56(c)).

## LEGAL ANALYSIS

Plaintiff cannot succeed on this record because the record does not support that Defendant Baylis was involved in any misconduct. Plaintiff failed to file any supporting evidence. The evidence filed by Defendants does not support Plaintiff's position. Rather, it establishes that the misconduct in question, if it occurred, was not committed by Defendant Baylis. Since all of Plaintiff's claims depend on the assertion that Baylis was responsible for this misconduct, such

3

claims fail. *See also Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002) (granting summary judgment against plaintiff who sued unidentified officers for excessive force); *Kendrick v. Bland*, 740 F.2d 432, 436 (6th Cir. 1984) (determining that remedy was not appropriate as to unidentified correctional officers); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (holding that complete failure of party to submit damage evidence entitled moving party to summary judgment as to damages).

Therefore, Defendants are entitled to summary judgment as to all of Plaintiff's claims against them.

**<u>CONCLUSION</u>**

Defendants' Motion for Summary Judgment shall be granted and all claims against Defendants shall be dismissed with prejudice.

<table>
<tr><td></td><td>/s/ Richard Alan Enslen</td></tr>
<tr><td>DATED in Kalamazoo, MI:</td><td>RICHARD ALAN ENSLEN</td></tr>
<tr><td>December 11, 2006</td><td>SENIOR UNITED STATES DISTRICT JUDGE</td></tr>
</table>